ALATAUA LOGOA'I, Personal Representative of KILIONA LOGOA'I, aka KILIONA AINA, aka KILIONA SAVEA, and his Estate, and as his Surviving Spouse, and as Guardian Ad Litem for MA'ALONA K. SAVEA, SOOUPU K. AINA, KILIONA AINA SAVEA, and ROSITA KILIONA, Plaintiffs

v.

SOUTH PACIFIC ISLAND AIRWAYS, INC., and DOES I-X, Defendants

High Court of American Samoa
Trial/Probate Division

CA No. 108-84

October 9, 1987

Before REES, Chief Justice.

Counsel: For Plaintiffs, Roy J.D. Hall, Jr.

This case concerns the alleged wrongful death of Kiliona Logoa'i in an airplane crash. Plaintiff Aiataua Logoa'i has moved for an order approving a settlement that has been reached with the defendant. She makes this motion in three capacities: for herself as surviving spouse; for the deceased and his estate as personal representative; and for the minor children as their guardian ad litem.

The settlement would award a total of $225,000. One-third of this would be deducted as attorney fees and costs. Prior to the deduction of fees and costs, the funds would be divided as follows:

| | |
|---|---|
| To the estate of the deceased: | 99,200. |
| To the plaintiff as surviving spouse: | 86,800. |
| To the children: | |
| Ma'alona | 6,800. |
| So'oupu | 9,300. |
| Kiliona | 10,500. |
| Rosita | 12,400. |

The Court does not at present understand the basis for the proposed division of the $225,000. The division of this amount among the various plaintiffs was presumably of no concern to the defendant, its insurers, or its attorneys. Plaintiff and her attorneys were under a fiduciary duty to secure for the children the best possible settlement. The duty to be zealous in the protection of the interests of those to whom one owes a fiduciary duty is at its highest in situations wherein these interests may compete with the personal interests of the fiduciary. Before approving the proposed settlement the Court is obliged to satisfy itself that this duty has been observed.

As the Court presently understands the law regarding wrongful death and survival actions, most elements of awards in such cases --- the loss of financial support, companionship, affection, consortium, and parental guidance --- devolve directly upon the survivors. Only the damages suffered by the deceased himself (principally the pain and suffering incident to his death) would ordinarily accrue to the estate. Many jurisdictions have adopted statutes under which even an action for these elements could be brought

29

directly by the survivors, including the children of the deceased. <u>See, e.g.</u>, A.S.C.A. §43.5052. Accordingly, the Court does not understand why the estate and the widow are each to receive about ten times as much as the average award to each child.

By signing the proposed order the Court would certify that the fiduciary obligations established by the Court's appointment of a guardian ad litem for the children had been met. For the reasons stated, I cannot make such a certification.

It is quite possible that under the circumstances of this case the proposed settlement is perfectly fair to the children. If so, counsel should state these circumstances upon a renewal of the motion. In the alternative, the Court would be willing to approve without further inquiry a settlement in which each child received twice as much as in this proposal, to be deducted pro rata from the proposed awards to the widow and the estate.